IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )   CRIMINAL ACTION 08-174-KD-B |
| | ) |
| FREEMAN CROOK, | ) |
|     Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Freeman Crook's timely response to the Court's preliminary determination that Defendant is not eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Sentencing Guidelines Amendment 750 because he is serving a statutory mandatory minimum term of imprisonment.  (Doc. 34).

In its December 23, 2011 order directing Defendant to show cause as to why his motion for a sentence reduction should not be denied, the Court observed that the notes to Section 1B1.10 of the Sentencing Guidelines state that courts may not reduce a defendant's sentence where, because of the operation of a statutory provision (such as a statutory mandatory minimum term of imprisonment), application of a retroactive amendment to the Guidelines does not have the effect of lowering the defendant's guideline range.  See Doc. 33 at 1-2 (quoting U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n.1 (2011)).   Defendant has responded that, in the aftermath of United States v. Booker, 543 U.S. 220 (2005), and Kimbrough v. United States, 552 U.S. 85 (2007), the Court may reject § 1B1.10 based on a "policy disagreement" with that Guideline. (Doc. 34 at 2-3).

Defendant's argument is foreclosed by the Supreme Court's decision in United States v. Dillon, 130 S. Ct. 2683 (2010).  In Dillon, the Court held that "[Section] 3582(c)(2) requires the

1

court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." Id. at 2691. The Court also clarified that Booker does not apply in § 3582(c)(2) proceedings. Id. at 2693.

Accordingly, Defendant's motion for a sentence reduction (Doc. 31) is due to be **DENIED** by separate order.

The Clerk is **DIRECTED** to send a copy of this Memorandum to Defendant by U.S. Mail.

**DONE** and **ORDERED** this the **23rd** day of **January 2012**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**