IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )   CRIMINAL ACTION 08-174-KD-B |
| | ) |
| FREEMAN CROOK, | ) |
|    Defendant. | ) |

**ORDER**

This matter is before the Court on Defendant Freeman Crook's second motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on a retroactive amendment to the United States Sentencing Guidelines.   (Doc. 37).

On January 23, 2012, this Court denied Defendant's motion for a § 3582(c)(2) sentence reduction on the ground that he is serving a statutory mandatory minimum term of imprisonment unaffected by any retroactive amendment to the Sentencing Guidelines.   (Doc. 36).   The Court's reasoning was expressed more thoroughly in an order to show cause dated December 23, 2011 (Doc. 33) and a memorandum opinion filed one month later.   (Doc. 35).   Additionally, the Court explained specifically why Defendant was not entitled to any relief from the 10-year statutory mandatory minimum sentence that it imposed:

> Though the Sentencing Commission has given Amendment 750 retroactive effect, the Fair Sentencing Act of 2010, which increased the quantity of crack cocaine necessary to trigger 21 U.S.C. § 841(b)(1)'s five- and ten-year statutory mandatory minimums, does not apply to defendants who were sentenced prior to its enactment.

(Doc. 33 at 2 n.1).

In his most recent motion, Defendant seeks the very same relief that he was previously denied, but he asks the Court to "hold his case in abeyance" pending the Supreme Court's

1

disposition of two cases concerning the retroactivity of the Fair Sentencing Act ("FSA").  (Doc. 37 at 1).   However, those cases, which have since been decided, have no bearing here.   In Dorsey v. United States, Nos. 11-5683; 11-5721, 2012 WL 2344463 (U.S. June 21, 2012), the Supreme Court held that the FSA applies to post-Act sentencings of pre-Act offenders.   However, Dorsey's holding does not extend to Defendant, who was sentenced on March 13, 2009, nearly a year-and-a-half prior to the FSA's enactment.

Accordingly, Defendant's second motion for a sentence reduction (Doc. 37) is **DENIED**.

**DONE** and **ORDERED** this the **11th** day of **July 2012**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**